The following opinion of the Appeal Court fully presents the history of this case.

Caria, per

Wardlaw, J.
The defendant, James L. Ross, seeks by rule to make the sheriff liable for ten times the amount of excess of fees improperly charged. No written order was entered on the Circuit; but the presiding Judge refused the order proposed to make the sheriff liable for ten times the excess, and expressed his opinion that he should be liable for the supposed excess of $32 79, and ten per cent thereon; holding that it was a matter of discretion to impose, by way of punishment, according to the circumstances, any penalty short of ten times the excess. The defendant asks his proposed order from this Court, and the whole matter has been reviewed. Avoiding *276 any expression of opinion not now required, as to the question whether, in a fit case, discretion should he allowed as to the amount, or ten times the excess taken as a fixed penalty on forfeiture, this Court is not satisfied that fees have been improperly charged to the amount of the excess stated by the clerk ; or that in any view it can take of the excess, the proceeding by rule is here correct.
Upon ten executions against the same defendant, fully paid to him, the Sheriff has charged in each case for his commission, two per cent, on the first $300, and one per cent on the balance ; the clerk, aggregating the whole collections, allows two per centón the first $300, and one per cent only on the entire balance. The clerk proceeds upon a literal construction of the words — “Commissions on all monies collected by him.” But these words as well embrace all monies collected from all defendants, as all monies collected in all cases against the same defendant; and if they are to be confined to monies from the same defendant, stronger reasons both of construction and expediency would confine them to monies in the same case. The fee bills, in their whole scope, where a contrary in-tendment does not plainly appear, necessarily contemplate the services of officers in a particular case; and instances are easily imagined of confusion and unjustice from an attempt to group various cases. Commissions constitute the main compensation for the trouble and responsiblity of the sheriff in receiving and paying away monies, changing and discharging himself in his execution book, making calculations, applying monies according to the rights Of various plaintiffs, and taking receipts — and if the compensation, adjusted so as to afford an adequate remuneration in a case of small amount, and not an excessive one in a case of large amount, is to be reduced, because the defendant is unfortunate enough to have various executions against him, it should at least appear that by that circumstance the trouble or responsibility of the sheriff is diminished. Where the sheriff is to have refunded to him an outlay, as in the case of State vs. Beckett, 3 M’Cord, 290, for printer’s bill for advertising, or as in the present case, for keeping mules and dieting negroes, <fec., it is reasonable and proper that money expended or labor bestowed in reference to the *277 subject rather than the case, being once paid, should not be multiplied by construction ; but such matters are easily distinguishable from the services expected to be performed in every case, and in reference to which the fee bill has prescribed such rates of charge as were supposed likely, in view of the probable number of cases, to afford a reasonable compensation to the officer.
Many of the observations made as to commissions, apply to mileage, which the clerk allows but once, although charged by the sheriii on thelevy of every execution. The words of the Fee Bill of 1840 are, “levying attachment or execution, besides mileage, one dollar and in a previous part, “for serving every.writ, <fcc., besides mileage, one dollar“ mileage to defendant’s or witness’ residence, or place where found, going, but not returning, five cents per mile.” The expressions indicate the propriety of tlie charge in each case. If mileage is to be charged but once, because but one ride was taken, although many writs carried, then an inquiry must be instituted of the number of writs carried by a sheriff at once, and the first mile, divided between all, the second between those not served in the course of the first, and so on, until it can be ascertained how many remained to share the charge for the latter portion of the journey. If a levy be unnecessarily made on many executions, where one would have served, a question, different from that now under consideration, might be presented.
Striking from the excess, ascertained by the clerk, all that relates to commisions and mileage, the balance would be $6 75 ; and as to the defendant’s right to claim ten times that reduced excess, the Court is of opinion that it cannot be investigated on rule. By the Fee Bill of 1840, the ten times the excess, which the officer is made liable to forfeit to the party injured, is “tobe recovered by suit in the Court of Common Pleas, in which no imparlance shall be allowed; or by rule, in the case of sheriffs, or by summary process, in the cases of Magistrates or Constables, where the penalty may not exceed twenty dollars.” By the Fee Bill of 1839, (of which that of 1840 was amendatory, so far as concerns sheriffs,) the ten times the excess “is to be recovered by suit in the Court of Common Pleas, in which *278 do imparlance shall be allowed, or by rule, when the penalty may not exceed twenty dollars.” Putting these acts together, this Court regards the qualifition in the Act of 1840, “when the penalty may not exceed twenty dollars,” as .applying both to the “rule in the case of sheriffs,” and to the “summary process in the cases of Magistrates or Constables.” The provision as to Magistrates and Constables seems to have been introduced, in a sort of parenthesis, because only the Act of 1840 spoke of those officers, whose small fees, increased ten fold, might not sometimes exceed twenty dollars, and without such provision it might have been supposed that the Court of Common Pleas could not take cognizance of a case below twenty dollars, and so within the exclusive jurisdiction of Magistrates. As to Sheriffs, no reason could have existed why the summary proceeding by rule, held in 1839 applicable, where the amount exceeded twenty dollars, should in 1840 be" extended to an indefinite amount. There is much propriety, in reference to our constitution, and the rights of the citizen, why a highly penal provision should not, above that sum as to which the right of trial by jury has ordinarily been heretofore pursued, be enforced by a proceeding which is peculiarly arbitrary and severe.
Edwards, for the motion. Cam, contra.
The rule against the sheriff, H. W. Rice, is therefore discharged.
Richardson, O’Neall, Evans and Butler, Justices, concurred.